FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983
in the UNITED STATES DISTRICT COURT for the SOUTHERN DISTRICT of GEORGIA

CV614 042

_Steven Jacob Seibert_

(Enter above full name of plaintiff or plaintiffs)

v. _Brian Owens; Georgia Department of Corrections; John/Jane Doe, Warden Coastal S.P. (2007); Jane Doe(s), Coastal S.P. intake officers; Cynthia Nelson; Capt. Jones; Counselors Central S.P. (Jane Doe(s)); Brad Hooks; Steven DuPree; James Deal; John/Greg Brown; Cpt. John Doe, Rogers; Lt.(s) Anderson + Wimberly; Sgt. Phillips; Counselor Dees; mrs. Ford; Andre' Bateman; John + Jane Doe(s) Counselors, Rogers S.P._

(Enter above full name of defendant or defendants)

I. Previous lawsuits

   A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?   Yes ✓  No ___ (some)

   If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

   1. Parties to this previous lawsuit:

      Plaintiffs: _Steven Jacob Seibert_

      Defendants: _Brian Owens, Commissioner GADOC_
      _Albert Murray, GABP+P Chairman_

   2. Court (if federal court, name the district; if state court, name the county):

      _Fulton County Superior Court_

   3. Docket number: _2014 CV 244429_

   4. Name of judge assigned to case: _Unknown_

5. Disposition
   (for example, was the case dismissed? appealed? is it still pending?):

   _Pending - Filed after 5 months wait_

6. Approximate date of filing lawsuit: _Filed Nov 16, 2013 per mailbox rule_
   _Docketed April 1, 2014_

7. Approximate date of disposition: _Who Knows?_

8. Were you allowed to proceed *in forma pauperis* (without prepayment of fees)?   Yes ✓  No ____

B. While incarcerated or detained in any facility, have you brought any lawsuits in federal court which deal with facts other than those involved in this action?
   Yes ✓  No ____

If your answer to B is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to previous lawsuit:

   Plaintiffs: _Steven Jacob Seibert_

   Defendants: _Brad Hooks, et.al._

2. Court (name the district):

   _U.S. District Court - N.D. Ga. - AT_

3. Docket number: _1:10-CV-1323-JEC_

4. Name of judge assigned to case: _Julie E. Carnes_

5. Disposition
   (for example, was the case dismissed? appealed? is it still pending?):

   _Dismissed w/o prejudice, Appealed, Cert Denied_

6. Approximate date of filing lawsuit: _April 2010_

2

7. Approximate date of disposition: _January 2014_

8. Were you allowed to proceed *in forma pauperis* (without prepayment of fees)?  Yes ✓  No ___

Cont. 3.(a)

C. As to any lawsuit filed in federal court where you were allowed to proceed *in forma pauperis*, was any suit dismissed on the ground that it was frivolous, malicious, or failed to state a claim?  Yes ___  No ✓

1. If your answer to C is yes, name the court and docket number for each case:

II. Place of present confinement: _Hays STATE Prison_

A. Is there a prisoner grievance procedure in this institution? Yes ✓ No ___

B. Did you present the facts relating to your complaint to the appropriate grievance committee?  Yes ✓  No ___

C. If your answer to B is yes:

1. What steps did you take? _Multiple counselor requests; multiple written requests to Wardens, Unit Directors, and GADOC Commissioner; Letters to U.S. Attorney, FBI and Justice Dept.; Letters to Ga. A.G. and Governor; Numerous Informal and Formal Grievances and Appeals._

2. What was the result? _Denial of ability to correct or amend issues, and refusal to do so; Retaliatory Transfers to Rogers S.P. Then Hays S.P.; Continued Campaign of Harassment, Libel, Slander, culminating in physical attack by Prisoner; Interference with and Theft of Legal and other U.S. Mail; Interference with and delay of Parole and/or other Relief or Release; Partial resolution in Feb 2014 of Erroneous 2007-2009 Computer input; Assigned to worst Hays S.P. MAX security Bldgs as MIN Security Prisoner._

3

I. B. (cont.)

b. 1. Steven J. Seibert
   vs.
   Brian Owens, et. al.
   2. U.S. District Court N.D. Ga.
   3. 1:12-CV-0327-JEC
   4. Julie E. Carnes
   5. Pending
   6. January 2012
   7. Pending
   8. Yes

c. 1. Steven Jacob Seibert
   vs.
   Hugh Thompson, The Georgia Supreme Ct and Justices
   2. U.S. Dist. Ct. N.D. Ga.
   3. 1:14-CV-0038
   4. Julie E. Carnes
   5. Pending
   6. January 3, 2014
   7. Pending
   8. Yes

d. 1. Steven Jacob Seibert
   vs.
   Scott Crickmar
   2. U.S. Dist. Ct. N.D. Ga.
   3. 1:14-CV-0138
   4. Julie E. Carnes
   5. Pending
   6. Jan. 15, 2014
   7. Pending
   8. Yes

e. 1. Steven Jacob Seibert
   vs.
   Scott Crickmar
   2. Chattooga County Superior
   3. 2014 CA 39866
   4. Unknown
   5. Pending
   6. Jan 28, 2014
   7. I hope Soon
   8. Yes

f. 1. Steven Jacob Seibert
   vs.
   Clay Tatum, et. al.
   2. U.S. Supreme Court
   3. 13-9252
   4. U.S. S. Ct. Justices
   5. Pending/Docketed
   6. March 10, 2014
   7. Pending
   8. Yes

3.(a)

3. Did you appeal any adverse decision to the highest level possible in the administrative procedure?   Yes ✓ No ___

If yes, what was the result? _Denied for various mostly alleged procedural issues; NO attempt at Problem Resolution; Additional Retaliation - clothes "missing" from laundry, refusal To replace clothes; reassignment To WORSE Drug Infested and gang controlled Buildings_

D. If you did not utilize the prison grievance procedure, explain why not: ___

## IV. Parties

(In Item A below, list your name as plaintiff and current address. Provide the name and address of any additional plaintiffs on an attached sheet.)

A. Name of plaintiff: _Steven Jacob Seibert_
   Address: _c/o STEVEN SEIBERT_
   _TEMP. GDC 132507_
   _P.O. Box 668_
   _Trion, Georgia 30753_

(In Item B below, list the defendant's full name, position, place of employment, and current address. Provide the same information for any additional defendants in Item C below.)

B. Name of defendant: _Brian Owens_
   Position: _Commissioner GADOC_
   Place of employment: _Georgia Dept. of Corr. (GADOC)_
   Current address: _Suite 654 East Tower; 2 MLK Jr. Dr. S.E._
   _Atlanta, Georgia 30334_

C. Additional defendants: ___
   _John/Jane Doe, Warden (2007) Coastal STATE Prison (S.P.)_
   _Jane Doe(s), Prison Intake Computer Input Personel at_
   _Coastal S.P. Diagnostics (2007)_
   _Coastal STATE Prison GADOC_
   _P.O. Box 7150, 200 Gulfstream Road_
   _Garden City, Georgia 31408_

   Cont. 4(a)

4

IV. (cont.)

D. Cynthia Nelson - Warden, Central S.P.
   Betty Lance Deputy Warden Care + Treatment (D.W.C+T)
   John/Jane Doe - D.W. Security
   Captain Jones
   John Doe C.O.(s) Georgia Correctional Ind. (G.C.I.) Sewing Plant
   Jane Doe Manager GCI Sewing Plant
   Jane Doe Manager Food Service
   Jane Doe(s) Counselors
   John Doe - Chaplain
   Central STATE Prison  (plus Transferred and/or Retired)
   4600 Fulton Mill Road
   Macon, Georgia

E. Brad Hooks Warden Rogers S.P.
   Milton Smith and Steven DuPree D.Wardens C+T
   James Deal and John/Greg Brown D.W.(s) Security
   Ms. Dees and Mr. Sikes Chief Counselors
   Ms. Ford Ed. Bldg. C.O.
   John Doe Warehouse Supervisor
   John Doe Captain 2009-2011
   LT.(s) Anderson and Wimberly
   Sgt. Phillips
   John and Jane Doe C.O.(s)
   John Doe(s) Chaplain and Church Volunteers
   Andre' Bateman - Law + General Library, NOTARY
   John and Jane Doe(s) Counselors
   Dr. Jane Doe

   Rogers STATE Prison
   1978 HWY 147
   Reidsville, Georgia

4.(a)

V.  Statement of Claim

> State here as briefly as possible the FACTS in your case. Describe how each defendant is personally involved in the depriving you of your rights. You must include relevant times, dates, places, and names of witnesses. DO NOT GIVE LEGAL ARGUMENTS OR CITE ANY CASES OR STATUTES. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

1. This is a civil action authorized under 42 USC §1983 to redress the deprivation, under color of STATE law, of RIGHTS secured by the constitution of the United States. This court has jurisdiction under 28 USC §§ 1331 and 1343(a)(1). Plaintiff seeks declaratory relief pursuant to 28 USC §§ 2201 and 2202.

2. The Southern District of Georgia is appropriate venue under 28 USC §1391 because it is where the majority of defendants reside and work and where the majority of the acts occurred.

3. Seibert claims his RIGHT to the principle that the allegations of a non-law school trained litigant's complaint are to be held "to less stringent standards than formal pleadings drafted by lawyers" and to be "liberally construed." Pugh v Smith, 465 F3d 1295 (11th Cir 2006) and its progeny.

4. In or about 1997-1998, employees of the Georgia Dept. of Corrections (GADOC), and Georgia Correctional Industries (GCI), joined with employees of Gwinnett County and others in an ongoing to date campaign of Harassment and Conspiracy to Convict and Falsely Imprison the Plaintiff, Steven Jacob Seibert, as well as to Pirate and/or destroy his substantial privately held business interests and personal and business property to aid the maternal parental and grandparental Kidnapping of Seibert's 2 children, by a native Georgia woman and extended family, in violation of at least 18 USC §§ 51, 241-242, 1001, and/or 1512(a)(2) and 42 USC

5

§§ 1986, 1985, and 1983 as well as numerous other Florida, Georgia, Ohio, and U.S. Federal Statutes and Laws.

5. The constitutionally protected RIGHTS violated include, but are not restricted to: The RIGHT To privacy in and of one's home, office, privately held property and vehicle; RIGHT To pursue and continue in Occupation of choice; RIGHT To equal protection of the law and equal access to the Courts; RIGHT to be FREE of Conspiracy of Harassment or FALSE IMPRISONMENT by Georgia STATE or County employees or contractors; RIGHT To Free Speech and Religious Expression; RIGHT To Keep and Bear Arms; RIGHT To be Free from Slander, Libel, and other FALSE, MALICIOUS, FRAUDULANT Statements or accusations; RIGHT To Freedom of Travel intrastate, interstate and internationally; RIGHT TO choice of residence location; Freedom to acquire, accumulate and protect private assets and property; the RIGHT To be free from excessive bail, fines, and cruel and unusual punishment; RIGHT To NOT be deprived of life, liberty, or property, without Due Process of Law.

6. The Campaign of harassment by Georgia STATE and County Employees, begun in 1997-1998, started with Telephone and other harassment of Seibert by and through active and passive surveilance in person, by telephone and other electronic and other surreptitious means To disrupt, Pirate, and/or destroy Seibert's privately held business interests and his personal privacy, peace, and dignity. Evidence of over 14,000 hang-up phone calls To Seibert's home and office in a six month period and other documentation is available.

7. Those actions led to the disruption, disolution, piracy, and destruction of Seibert's substantial, in excess of $3,000,000 in value, privately held business interests; the theft of his personal and business property in excess of $500,000; numerous false imprisonments, at the hands of Gwinnett County, from in or about 1997-1998 until this current date, allegedly for child support and other issues, while Seiberts home and office were ransacked and emptied, and led To Seibert leaving the STATE to reside in his native state of Ohio as well as North Carolina and Florida prior to being Kidnapped interstate by Gwinnett County and returned to Georgia against his will.

8. This claim pertains to a number of those bad actors employed by GADOC and GCI which began in 1997-1998 and continued through when Seibert was FALSELY IMPRISONED in 2005 by Gwinnett County and then imprisoned in GADOC Facilities from 2007 until this current date. It also includes the failure of GADOC Supervisors,

5(a)

officers, executives, Directors, and Comissioner to refrain from actively or passively participating in the Conspiracy and Campaign of Harassment and/or to set, enact, publish, maintain, and enforce the proper controls, programs, policies, rules, and/or regulations and training to prevent the Callous Indifference to Seibert's RIGHTS by the Conspiracy and Campaign of harassment by GADOC Contractors, Employees, Officers, executives, supervisors, Directors, Comissioner or others.

9. In 2007, Seibert was Transported from Gwinnett County Detention Center to Coastal STATE Prison for "Diagnostic" evaluation and Prison Intake. When being "evaluated", one or more as yet unidentified female "intake" officers intentionally input ERRONEOUS, FALSE, FRAUDULLANT, MALICIOUS, and LIBELOUS information into the GADOC Computer system to intentionally produce ERRONEOUS, FRAUDULLANT, and LIBELOUS reports, assessments, requirements, and programs, which were then generated in paper and electronically Transmitted to the GADOC Home Office File; the Georgia Board of Pardons and Paroles, (GABP+P), and others to libel Seibert and to delay or deny his Release by Pardon, Parole, Court order, or otherwise by prejudicing GADOC and GABP+P employees and the general public, thereby violating Seibert's Constitutionally protected liberty and property interests.

10. The ERRONEOUS, FALSE, FRAUDULLANT and MALICIOUS information included, but is not restricted to:

(a) Classifying Seibert's Boy Scout Accomplishments and activities as "gang related" activities, having criminal associates and peers;

(b) Classifying an occasional beer or glass of wine, with a meal or otherwise, as excessive alcohol and/or drug usage. Substance Abuse. Seibert was not accused or convicted of any drug or alcohol related offenses;

(c) Classifying Association with leading Pastors and ministry leaders, and Franchise and other legal business owners and executives as criminal associations and relationships;

(d) Classifying a move from Georgia to Seibert's home state of Ohio and subsequently Florida and renting a condo while working with a realtor to find a permanent residence as residence instability;

(e) Classifying Seibert's founding and ownership of 4 Insurance and professional association business rather than working a job for someone else as "unstructured Idle Time"

(f) Classifying Seibert having had his business interests pirated,

5.(b)

his property stolen, and subsequent change of employment, as income instability. Seibert is college level educated with professional insurance related designations (LUTCF) and substantial Insurance Risk Management and Marketing related Training by Nationwide and other National and International Insurance Companies, Public Colleges and Universities, and internationally known entities such as Dale Carnegi. Seibert has been licensed for all lines of insurance and most securities by Georgia, several other states, and the S.E.C..

11. Brian Owens as GADOC Commissioner, the GADOC Directors and executives, as well as the Officers, Officials, Deputy Wardens, and Wardens at Coastal, Central, and Rogers STATE Prison, failed to promulgate, enact, maintain, and/or enforce sufficient training and/or controls to prevent the aforementioned abuse of discretionary duties by Jane Doe, a GADOC Diagnostic intake officer and/or the other actions producing the previously or subsequently stated claims herein this action.

12. Transferred to Central STATE Prison, Seibert was confronted with the results of the above stated Fraudulant and Erroneous information contained within the GADOC Computer system and requested that the counselors and supervisors remove the erroneous information and correct or amend the reported program needs.
The Jane Doe, as yet unidentified, counselors, head counselor, supervisors, and Wardens stated that it was impossible to correct erroneous information within the GADOC computer system and/or refused to do so or pursue the correction with the GADOC Central Office or otherwise, thereby denying Seibert the equal protection of the law as well as GADOC policy and procedure, Due Process and other RIGHTS of Liberty interests. Seibert was denied meaningful classes and details or employment as a result of the information, while said erroneous, FRAUDULLANT and LIBELOUS information contineued to prejudice GADOC and GABP+P Employees, Officers, Directors, and Board Members, as well as family, friends, and the General Public through its computerized and Printed publication and Distribution which prevented Seibert from obtaining legal assistance to remedy his FALSE IMPRISONMENT and/or financial and other support for same. The Chaplain even denied Seibert access to the KAIROS ministry programs where Seibert could have met the volunteers who are community and business leaders who could have influenced support for Seibert's release.

13. When Seibert made a request for resolution to the GADOC Directors,

5.(c)

Commissioner, and the Governor, as well as a request for the Governor's mansion detail, where he could access authority, Seibert was retaliatorily transferred from Central's minimum security facility, where he was gaining some support from outside friends, employees, and some ministry volunteers, to Rogers Farm Work Prison in the furtherest region of unpopulated S.E. Georgia, in early 2009, while still minimum security and without ANY Disciplinary Reports (DRs).

14. While Christian Ed Stone was Warden at Rogers S.P., Seibert was afforded acknowledgement of the inappropriateness and ILLEGALITY of his imprisonment and was treated with appropriate respect and support of his exoneration and release.

15. Seibert again petitioned the counselors and head counselor to remove the erroneous, fraudulant, and libelous information from the GADOC Compas Computer program and was denied by counselors and head counselor Dees. On May 4, 2009, the 4th anniversary of the kidnapping from his Florida Insurance Agency Office complex, an unidentified counselor (45156?) added additional ERRONEOUS, FRAUDULLANT, and LIBELOUS information to Compas and printed an extensive ERRONEOUS, FRAUDULLANT, and LIBELOUS OFFENDER CASE PLAN as a "CLIENT NEEDS SUMMARY" stating as issues: Residence Instability Problem; Social Isolation/minimal Social supports; Substance Abuse; Cognitive Behavioral/Psychological Treatment; Criminal Associates and Peers; Financial Problems; Unstructured Idle Time; NONE of which had a real or legitimate basis, nor were related to Seibert's alleged offense(s), the alleged FTD.com order of a dozen red roses and the mailing of a reconcilliatory type of letter from Florida to his former spouse of 14+ years and children's mother, in Georgia.

The ERRONEOUS, FRAUDULLANT, and LIBELOUS "CASE PLAN" Requirements were intentionally generated on May 4, 2009 to delay or prevent Seibert's May-September 2009 Scheduled Parole Release and again to prevent or delay his March 2010 PIC and Sept. 2010 TPM scheduled release, which they did.

16. Andre Bateman, the Rogers S.P. Library Supervisor and others at Rogers, including the John Doe warehouse supervisor and Ms. Dees had been involved in the still ongoing 1997-2005 Conspiracy to Pirate and/or Destroy Seibert's business interests and steal his personal and business property and FALSELY IMPRISON Seibert. Seibert's outgoing and incoming legal and other U.S. Mail was delayed,

5.(d)

destroyed, and/or stolen. Ms. Wyche as Rogers' Mail Supervisor claimed that others, not her, were responsible.

17. Ms. Ford and other C.O.(s) repeatedly denied Seibert access to the law library even when scheduled and "called out," and intentionally delayed or refused the opening of the education building to deny Seibert and others access to the law library.

18. Ms. Dees and other counselors denied Seibert any meaningful occupational or work detail, particularly Office, warehouse, outside details, particularly the library, or O.J.T., even though Seibert was most qualified due to education, work experience, business and personal accumen and MINIMUM SECURITY classification, Parole Eligibility date (PED) of May 2009 and March 2010 PIC and Sept 2010 TPM Dates (originally) and then 2011 dates for same. Seibert was also denied access to any classes or continuing education by Dees and access to KAIROS ministry programs was denied by the "Chaplain" from 2009-2012.

19. Seibert's treatment substantially worsened when Ed Stone was replaced by Brad Hooks as Warden. Irregularities with U.S. and First Class Legal and regular mail increased and Seibert wrote numerous requests for resolution of that and previously stated issues and subsequently filed both formal and informal grievances. Dees and other counselors and officers retaliated by pitting various prisoners against Seibert. Lt. Anderson threatened Seibert, as a result of grievances regarding the mail, letters to the local and National Postmaster / Postmaster General, requests for details/work and contact with the Governor, A.G., U.S. Attorney, and FBI/Justice Department regarding the conspiracy and Harassment, that Seibert would never leave GADOC alive. (Seibert nearly did not, having been within yards of 1 of the 4 murders within 30 days at Hays S.P., and having been assigned to the worst gang controlled and drug invested buildings at Hays Close (MAX) Security prison after retaliatory transfer from Rogers.) About the time of Anderson's threat, Gwinnett County ILLEGALLY prosecuted Seibert a second time to delay or prevent Seibert's Release by Parole scheduled for March 2011 PIC and Sept 2011 TPM dates. An entire box of Seibert's personal and legal documents went "missing" from the property room and were never mailed. Seibert's clothes "disappeared" from the laundry and he was unable to obtain requirements for state clothing or those "free world" clothes purchased privately.

5.(e)

20. On March 16, 2012, at about 3:00 am, Seibert was attacked by a violent and out of control African American habitual criminal from the bunk above his in Bldg F-2 Rm 3, and subsequently taken to the hospital for his swollen and disfigured jaw and face. Sgt. Phillips and Lt. Wimberly apparently falsefied the reports due to racial and/or other prejudice (retaliation?), and retaliatorily assigned Seibert to Segregation rather than his attacker, who had profusely apologized to Seibert for the attack, after realizing he had acted upon bad information, and to keep from being reported or prosecuted. Seibert has been refused copies of the report or pictures even though he contacted the County District Attorney, and as such was denied equal access to the Courts and equal protection of the law. The statute of limitation for Felony Battery and/or Assault has not yet run out. Seibert's radio, headphones, legal supplies and other property were stolen while in the segregation Officer's care, custody, and control. Seibert was denied access to the law library and legal supplies and information while in segregation. Seibert filed requests then grievances regarding the attack, property, and legal access while in segregation. Seibert was then assigned to the worst drug infested and gang and red-neck controlled, and thus volitile "A" building rather than the much safer over 40 honor building, "F" Bldg.

Seibert was te then, on May 3, 2012, RETALIATORILY TRANSFERRED to Close (MAX) security Hays STATE Prison, ILLEGALLY, as a MINIMUM security Prisoner with NO DR(s), for having filed the grievances and requesting that legal action be taken against his attacker. Brad Hooks as Warden and/or Steven DuPree and/or John/Greg Brown effected the RETALIATORY TRANSFER. Steven DuPree is most likely related to and was acting in concert with Gwinnett County ADA DuPree as part of the Conspiracy and Campaign of Harassment out of Gwinnett.

When Seibert arrived at Hays S.P. on May 4, 2012, the intake room and Bldg Assignment C.O., Clayton, Deputy Wardens, Unit Manager, and Captain asked Seibert what he had done "to piss someone off" to be transferred to Hays, known as the worst and most dangerous prison in Georgia, showing that it was a widely known and accepted GADOC Policy and Custom for Wardens and other GADOC Officers and/or Officials to effect RETALIATOR TRANSFERS for those prisoners who used the grievance system or who filed or

5(f)

generated other paper trails regarding RIGHTS violations and other offenses.

21. After nearly 2 years of numerous requests and grievances at Hays S.P., the ERRONEOUS, FRAUDULANT, MALICIOUS, and LIBELOUS information and PROGRAM NEEDS were finally removed and/or cancelled in February 2014, Nearly 7 years after they were originally input, by counselor Jorges who informed Seibert that several of the requirements could not even apply to Seibert due to his age, education, lack of substance abuse, and for various other reasons. The FRAUDULANT, ERRONEOUS, and LIBELOUS information input into the GADOC Compas Computer program in 2007 and 2009, and widely published and distributed prejudiced and delayed or prevented Seibert's release by Pardon, Parole, Court order or other legal means from at least 2009 until this current date and have tremendously prejudiced the GABP+P, the General Public, ministry volunteers and others from whom Seibert could have obtained financial, legal, and other support for his exoneration and release, and lawyers who would have otherwise would have given Seibert assistance in Habeas Corpus and other legal proceedings.

22. The adverse action of the Campaign of Harassment as the GADOC and GCI Contractors, Employees, Officers, Supervisors, Executives, Deputy Wardens, Wardens, Directors, and Commissioner have engaged in against Seibert would have, did, and has deterred other persons of "ordinary" firmness from engaging in such Constitutionally protected speech and legal action as Seibert has engaged in to pursue his exoneration, Freedom, property, liberty interests, and most importantly, access to his children. If Seibert was a person of "ordinary" firmness, he most likely would have been intimidated into quitting his quest for exoneration, freedom, and LIBERTY INTERESTS, but he would not have excelled scholastically, earned over 50 merit badges by age 16 in pursuit of Eagle Scout Boy Scout rank, lettered in 2 sports in high school, and consistently excelled in his chosen profession of sales and marketing to be Nationwide Insurance Companies' NBAP Agent of the year for the State of Georgia and the Entire Eastern United States, Travelers' Exclusive Select Agent for McDonalds' Franchisees, etc., while having excelled at each Company he represented, as he has done.

23. This complaint is made against the Defendants personally, as well as in their corporate position or function.

24. Brian Owens as Commissioner of GADOC, Executive Directors, Directors, Wardens, Deputy Wardens, supervising and other Officers, have had a DUTY of Job description to promulgate, publish, enact, enforce, and obey the proper procedures, rules, regulations, statutes, and training, in a non prejudicial manner, to prevent the Callous indifference to the RIGHTS of of Seibert and other prisoners, themselves, and by GADOC and GCI contractors and employees which they violated in this instant and other cases.

25. The defendants are NOT entitled to qualified immunity due to their failure to perform mandatory ministerial Duties, Gross abuse of Discretion in regards to their "Discretionary" Duties, and willfully and knowingly violating State and Federal Law.

## VI. Relief:

Wherefore, Plaintiff respectfully prays this Honorable Court promptly:

1. Issue a Protective Order, Ordering the GADOC and Commissioner, Directors, Wardens, Supervisors, Executives, Officers, Employees, and/or Contractors to cease and desist in their participation and/or support in the Conspiracy against Seibert's RIGHTS and Campaign of Harassment, while ordering his immediate Release or Transfer to a Transitional Center/Halfway House, while full Pardon or Parole Release is processed, as Seibert has been entitled since 2010-2011 pursuant to GADOC and GABP+P published Rules, Regulations, Goals, and Operational Guidelines and Seibert's GADOC Sentence and GABP+P Computations, Worksheets and Orders;

2. Issue MANDAMUS or comparable Order to GADOC to Restore Plaintiff's Parole Board originally ordered 2011 PIC and TPM dates for Parole Release;

3. Immediate MANDAMUS or comparable Order for the GADOC to issue a Formal Retraction and Apology, for the ERRONEOUS, MALICIOUSLY FRAUDULANT and LIBELOUS information input into Compas or any other GADOC computer system or record from 2007-2012, or otherwise, to Seibert and all affected parties, and the General Public with publication on GADOC Computer Website, and particularly to GABP+P.

4. Order Discovery production of Originals or Certified Copies of all information written, recorded, input, and/or published upon which decisions and requirements for classes, programs, prisoner housing, medical treatment, transfers, and/or Parole, or any other issues for or regarding Plaintiff have been or are determined, including but not restricted to emails, memos, letters, phone records, requests, orders, grievances, pictures, recordings, and/or any other type of media, as well as identification of the Party producing said material and their current Employment status and contact information.

5. A declaration that the acts and/or omissions stated herein violated the Petitioners RIGHTS under the Constitutions and Laws of

5.(i)

VI.  Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Georgia, Florida, and the United States.

6. Appointment of Competent and Effective Legal Counsel to assist in proper Discovery, any negotiated Settlements, and/or Trial by Jury.

7. A Jury Trial on all Triable issues including compensatory and punitive damages.

8. Order GADOC to provide necessary access To a Federally qualified Law Library, immediate access To all legal records and materials and adequate storage for same, and access To the common and accepted Tools of the day, adequate paper, pens, pencils, envelopes, stamps, copier, computer, and printer, if immediate release is not ordered to obtain same through Plaintiff's own efforts.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 2nd day of May, 2014.

STEVEN JACOB SEIBERT
Prisoner No. 132507

(Signature of Plaintiff)
Mr. Steven Jacob Seibert

Mr. Steven J. Seibert LUTCF
C/o STEVEN SEIBERT
Temp GDC 132507
P. O. Box 668
Trion, Georgia [30753]



MAY 07 2014

Mr. Scott Poff, Clerk
Office of the Clerk
United States District Court
Southern District of Georgia
P. O. Box 8286
Savannah, Georgia [31412]