IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

STEVEN JACOB SEIBERT,

    Plaintiff,

v.                                                 CIVIL ACTION NO.: CV614-042

BRIAN OWENS, Commissioner;
*et al.*,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Hays State Prison in Trion, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff contends that employees of the Georgia Department of Correction and Georgia Correctional Industries joined Gwinnett County employees beginning in 1997 or 1998 to harass him, conspire against him, convict him, falsely imprison him, and pirate and/or destroy his privately held business interests. Plaintiff asserts that these actions continued until 2005, when he was falsely imprisoned, and he was imprisoned in a Georgia Department of Corrections facilities beginning in 2007. Plaintiff also asserts that he was sent to Coastal State Prison in 2007 for a diagnostic evaluation and intake, and an unidentified female intake officer placed "erroneous, false, fraudul[e]nt, malicious, and libelous" information into his central file. (Doc. No. 1, p. 9). Plaintiff alleges that this information was used to deny him parole in 2010 and 2011. Plaintiff also contends that he was transferred to other prisons based on this information. Plaintiff contends that he has asked unknown counselors and supervisors to remove this information, but they have not done so. Plaintiff contends that Andre Bateman and others at Rogers State Prison were involved in a conspiracy against him from 1997 to

AO 72A
(Rev. 8/82)

2005 and that his legal and other mail was delayed, destroyed, or stolen. Plaintiff alleges that he was transferred to Hays State Prison on May 3, 2012, and this transfer was made as retaliation. Plaintiff names as Defendants, *inter alia*,: Brian Owens, Commissioner of the Georgia Department of Corrections; John and Jane Does from various prisons throughout the State of Georgia; Lieutenants Anderson and Wimberly; Sergeant Phillips; and Andre Bateman.

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. Plaintiff fails to make factual allegations against many of the named Defendants, and his claims should be dismissed for this reason.

Additionally, in section 1983 actions, liability must be based on something more than a theory of respondeat superior. Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted

3

in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011). Plaintiff's claims against Defendant Owens and other supervisory personnel are based on his conclusory statements that the supervisory officials "have had a duty of job description to promulgate, publish, enact, enforce, and obey the proper procedures, rules, regulations, statutes, and training, in a non[-]prejudicial manner[.]" (Doc. No. 1, p. 15). Plaintiff's claims against Defendant Owens and the other supervisory personnel should be dismissed for this reason, as well.

Moreover, a plaintiff may not join unrelated claims and various defendants unless the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a). Plaintiff has not shown how his various claims against the various Defendants from several penal institutions are related. Plaintiff's claims should be dismissed as a result.

Constitutional claims brought pursuant to section 1983 "are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." Powell v. Thomas, 643 F.3d 1300, 1303 (11th Cir. 2011). Georgia has a two-year statute of limitations for personal injury actions. O.C.G.A. § 9-3-33. Based on Plaintiff's assertions, it appears that the events giving rise

AO 72A
(Rev. 8/82)

to Plaintiff's Complaint allegedly occurred more than two (2) years before he filed his Complaint. Plaintiff's Complaint should be dismissed for this reason.[1]

Plaintiff also filed a Motion for Preliminary Injunction. To be entitled to an injunction, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, Fla., 272 F.3d 1318, 1326 (11th Cir. 2001). Plaintiff has not satisfied all of the prerequisites; therefore, his request for injunctive relief should be **DENIED**.

### CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** based on his failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 3 day of September, 2014.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's assertion that he was transferred to Hays State Prison in May 2012 as a retaliatory measure may not be barred by the applicable statute of limitations. However, Plaintiff makes no allegation as to which Defendant is responsible for this transfer or that this claim is related to the other allegations he sets forth in his Complaint.

5